1  ZHANG CUN GONG,
2  301 Long Jiang Street
3  Zheng'An Sub-District
4  Kai Zhou District, 405416
5  Chong Qing, CHINA
6  Tel: +86-186-0103-8979
7  E-mail: 445737425@qq.com
8  Plaintiff

9       UNITED STATES DISTRICT COURT
10      FOR THE NORTHERN DISTRICT OF CALIFORNIA
11            OAKLAND DIVISION

FILED
DEC 02 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Fee
NP
IFPP

13  ZHANG CUN GONG,
14  301 Long Jiang Street
15  Zheng'An Sub-District
16  Kai Zhou District, 405416
17  Chong Qing, CHINA
18  Tel: +86-186-0103-8979
19  E-mail: 445737425@qq.com
20                    Plaintiff,
21   vs.
22  CHEVRON CORPORATION                    Case No.:  C24-08641
23  5001 Executive Parkway, Suite 200       Jury Trial:  Yes
24  San Ramon, CA 94583, USA
25  Telephone: +1 925.842.1000                                    LJC
26
27  and
28  UNOCAL EAST CHINA SEA CO.LTD
29  24-27/F, Shangri-La Center Office Building,
30  No.9, Binjiang East
31  Chengdu, Sichuan 610021 China
32  Tel: +86-010-8590-5483
33  E-mail: apriljing@chevron.com
34                    Defendants.
35
36
37              TABLE OF CONTENTS
38
39  I.    FORCED LABOR : ABUSE OF LAW..................................2
40  II.   JURISDICTION AND VENUE .......................................2
41  III.  INTRADISTRICT ASSIGNMENT.....................................2
42  IV.   PARTIES AND RELEVANT NON-PARTIES........................2
43  V.    STATEMENT OF FACTS.............................................3
44  VI.   FAKE OUTSOURCING CONTRACT................................5

45  VII.  CHEVRON'S ALTER-EGO LIABILITY..................................5
46  VIII. CLAIMS FOR RELIEF..........................................................6
47  IX.   PRAYER FOR RELIEF.........................................................7
48  X.    JURY DEMAND..................................................................7
49  XI.   CLOSING............................................................................7

## I. FORCED LABOR : ABUSE OF LAW

1. The Plaintiff had been assigned to work by his former employer Maison, as an electrical lead on Chevron's Chuandongbei project, based on a fake outsourcing contract, knowingly trading and benefiting from the labor value of 500+ professionals, between Chevron's wholly owned subsidiary UECSL and Worley, the latter is a multi-national company headquartered in Australia.

2. The Plaintiff, as one of the 500+ trafficked professionals, "is a victim of a violation of" 18 U.S.C. § 1589 et seq., and Defendants are considered 'perpetrators' of the violation because of the violation, in that Defendants "knowingly provide[ed] or obtain[ed] the labor or services" of Plaintiff "by means of the abuse of law" to trade Plaintiff's labor value by a fake outsourcing contract with Worley, causing Plaintiff unpaid for four years and retired without pension and health care insurance.

## II. JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States, namely 18 U.S.C. § 1589 et seq., and because 18 U.S.C. § 1595(a) provides that Plaintiff, as a victim of a violation of Chapter 77 which defines dozens of the offenses, may bring a civil action against the perpetrator "in an appropriate district court of the United States[.]". Specifically, under 18 U.S.C. § 1596 (a), "In addition to any domestic or extra-territorial jurisdiction otherwise provided by law, the courts of the United States have extra-territorial jurisdiction over any offense (or any attempt or conspiracy to commit an offense) under section 1581, 1583, 1584, 1589, 1590, or 1591 if—(1)an alleged offender is a national of the United States". The defendant CHEVRON CORPORATION("Chevron") is a US based corporation and the perpetrator UECSL is Chevron's Alter Ego.

2. Venue is proper for general jurisdiction over Defendant CHEVRON CORPORATION("Chevron"), which is incorporated and headquartered in the forum State and purposefully through its wholly owned subsidiary UECSL to conduct the perpetration and knowingly profits and obtained Plaintiff's forced labor by means of fraud and the abuse of law, purposefully availed itself of the benefit of doing offenses in the federal forum, and that its subsidiary acted with the knowledge, consent, or extensive control of Chevron as the U.S. parent corporate, under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district, including because Defendant Chevron received a substantial part of the benefit giving rise to their liability in this district.

3. Venue is proper for specific jurisdiction over Defendant UNOCAL EAST CHINA SEA CO.LTD ("UECSL"), which, as Chevron's Alter Ego, has been purposefully using Chevron's internal IT net-works and email server to conduct its business, inter-acting with Plaintiff, giving a sufficient nexus exists between the forum and the defendant's

conduct giving rise to the claims.

### III. INTRADISTRICT ASSIGNMENT

15. Pursuant to Civil Local Rule 3.2 (c) and (e), assignment of this case to the Oakland Division of the United States District Court for the Northern District of California is proper because the First Defendant Chevron is incorporated in this District. In addition, a substantial part of the events or omissions giving rise to the claim occurred in this district, including because Defendant Chevron received a substantial part of the benefit giving rise to their liability in this Division.

### IV. PARTIES AND RELEVANT NON-PARTIES

A. Plaintiff

   1. Mr. Zhang Cun Gong ("ZHANG")

3. Plaintiff is a former electrical professional at Gao qiao town, where, from Jan.6,2011 to Feb.17,2015, a victim of four years of forced labor in violation of labor laws. Plaintiff is initiating this lawsuit because he cannot get pension, recover damages and seek injunctive relief when he retired.

B. Defendants

   1. Chevron Corporation("CHEVRON")

4    Chevron Corporation, as it declared in public media, through its wholly owned subsidiary, Unocal East China Sea, Ltd. (UECSL), conducts its upstream operations in natural gas production in China. UECSL is is Chevron's "Alter Ego".

   2. Unocal East China Sea Co.Ltd("UECSL")

5    Unocal East China Sea Co.Ltd, is a Chevron wholly owned subsidiary, shares Chevron's IT network and IT assets, as well as Chevron's business policy, IP knowledge Library, internal IT net-works and behaviour rules to conduct Chevron's business operations.

C. Relevant non-parties

   1. Beijing Worley Engineering and Technology Co.Ltd ("WORLEY")

6    Worley is a multi-national corporation of engineering consultancy founded in 1970s, headquartered in Sydney,Australia and is traded on the Dow Jones Stock Market and is a member of Dow Jones Indices. It operates all over the world including Los Angels, and several US states. Beijing Worley Engineering and Technology Co.Ltd ("Worley") is a Worley's wholly owned subsidiary in China, previously named as Beijing MaisonParsons Co.Ltd in the concerned fake outsourcing service contract of this case with UECSL.

   2. Beijing Maison Engineering and Technology Co.Ltd("Maison")

7.  Beijing Maison Engineering and Technology Co.Ltd("Maison"), founded in 2003 in Beijing adjacent to Worley's office in the same floor. Mr.Qiu Hong, as the legal representative of Worley, is also one of Maison's shareholders.

   3. Beijing Times Bridge Business Management And Consultancy Co.Ltd( "Times Bridge" )

8.  Beijing Times Bridge Business Management And Consultancy Co.Ltd, founded in 2004, is a private company specifically in fake outsourcing business and illegal labor dispatch business, and 286 cases found in .Judgment

133 Document Network('https://www.wenshu.court.gov.cn/')
134
135 ## VI. STATEMENT OF FACTS
136

137 8. It is well-known that Chevron has a wide range of operations in China from Upstream to Downstream and Chemicals. And Chevron declared in public media that through its wholly owned subsidiary Unocal East China Sea, Ltd. (UECSL), Chevron conducts its upstream operations in natural gas production.

140 9. UECSL had a contract with China National Petroleum Corporation (CNPC) for natural gas development and production in Chuandongbei Gas Project in the Sichuan Basin in southwestern China in 2008. The Chuandongbei project covers over 800 kilometers in Sichuan Province and Chongqing municipality. UECSL holds a 49 percent participating interest in charge of the construction and CNPC holds a 51 percent interest in charge of the production.

145 10. UECSL awarded several outsourcing contracts of human resources with several third parties such as JACOBS, Stantec, Sparrows, Sepam etc. It awarded a so-called service contract with Beijing Worley Engineering And Technology Co,Ltd. ("Worley", named as Beijing Maisonparsons Engineering And Technology Co,Ltd, then) in Dec.2009 to start the construction of Chuandongbei Gas Project in Sichuan, China, till Jan.26, 2016, to handover to CNPC for gas production.

150 11. The so-called service contract include the management of the design phase and the construction phase which involves 500+ technical professionals working respectively in Worley's Beijing headquarters office and Chevron's Chengdu office, as well as those in Nanba, Gaoqiao, and Luowen construction sites so as to supervise the engineering progress and the site construction progress of the local contractors.

154 12. From Jan.6, 2011 to Feb,17,2015, Plaintiff has been trafficked by Worley on Gaoqiao construction site from Maison, to supervise the site construction progress of the internal gathering system including the well pads and gathering stations A/B/C/F/G1/G/G2 as well as the pipelines from Gao Qiao to Nanba gas processing plant in Nanba town as an electrical professional lead on behalf of Chevron's ownership directly reporting to Chevron site construction managers Jimmie Walker/Mikkel Hansen/Jim Chambers/ Oliver Chris from Chevron, USA.

159 13. Originally, Plaintiff has been working as Maison's electrical professional on Maison's other project in Inner Mongolia District, China. But Maison did not want to signed any employment contract with Plaintiff, because Maison was trying to seek a possibility to sign a fake outsourced contract of human resources with a third party of human resources, as those of the rampant fake outsourcing contract across China.

163 14. When Plaintiff was assigned to work on the Chevron project from Jan.6, 2011, Plaintiff has never been given an employee contract with Chevron nor with Worley, and also nor with Maison, and never been paid by Chevron or by Worley during the entire period, but the estimated 9/10th payment from Unocal deducted by Worley and Maison, 1/10th of those payment transfer to Plaintiff's bank account by Maison for the first two years and later in the name of some individuals with Times Bridge for the next two years.

168 15. It is a rampant practice of labor employment across China. Almost all the employee has to accept such an arrangement to sign an illegal labor dispatch contract of employment with a third party of human resources company otherwise he will get fired. When the situation gets more and more worse, the government take measures to make amendment to the employment law of contracts. But it results in the fake outsourcing contracts between the employer and the human resources company which turn out to be rampant presently across China.

174 16. Finally it results in that none of these companies paid the legal security insurance premiums in Plaintiff's account when Plaintiff start to sort out his personal accounts of pension and health care insurance premiums to prepare for the formalities of retirement.

17. Plaintiff's lawsuit request failed due to the totally painted and stained service contract between UECSL and Worley, submitted by UECSL when Plaintiff filed a lawsuit against UECSL and Worley in China.

18. Apparently Plaintiff is the victim of human trafficking illegally conducted by UECSL, Worley, Maison, Times Bridge, etc. UECSL has knowingly obtained and exploited Plaintiff's labor and services for more than four years by means of abuse of the labor law, i.e the fake outsourcing contract with Worley so as to avoid its liability to pay directly to its 500+ employee for more than four years, as well as its social security liability, the Plaintiff's retirement pensions and health care insurances, and its liability for dismissal compensation.

### VI. FAKE OUTSOURCING CONTRACT
#### Without Specific Task But Human Trafficking

19. The key point lies in the service contract of UECSL and Worley, which is not a genuine service contract of specific work task, without any specific task and quantity of task involved, but to trade qualified professionals and payment settlement based on the working hours of attendance and the unit prices of different positions of the each professionals. Obviously it is a human trafficking contract, and Plaintiff has to work on behalf of Chevron and report directly to Chevron's project manager, actually without any Worley managers in between, and more worse, Worley has never signed any kind of employment contract and paid Plaintiff also.

26. Actually, Worley's Attorney admitted that the concerned service contract is based on the working hours of attendance and the unit prices of the different positions of the each professionals, as all of other outsourcing service contracts in China, because Worley's Attorney believes it is common practice internationally with outsourcing contract, while UECSL delivered the service contract with 99.99% contents deliberately painted and stained. UECSL and Worley submitted nothing documents of the contract and payment settlement statement.

27. The plaintiff was seconded to Worley in Beijing office and Worley sent Planitiff to the project site in Gaoqiao to work as an electrical supervisor directly under Chevron's managers. There is no manager from Worley to instruct Planitiff daily job. The Plaintiff, together with other discipline leaders, supervised and reported to Chevron's manager. And Chevron's managers arranged and instructed the task for the coming next week. Chevron's manager signed off the time sheets and transmitted to Worley HR office in Beijing for calculating the professionals' monthly payment.

28. Planitiff and the other 500+ professionals are supposed to work 6 days per week and 10hrs per day.and possibly 7days when needed. It is said the quota is 50~80USD per hour for common engineers, Planitiff has no idea for the discipline leader positions.

29. Obviously UECSL and Chevron knew that the concerned outsourcing contract is a contract of human trafficking without any specific task, because the Chevron project managers knows the billing settlement statement is based on the professionals' time sheets and the Chevron project managers approved all the time sheets of the trafficked professionals. And the Chevron project managers knew that the outsourcing contract has no specific work tasks but to profited and exploited the professionals' labor by abuse of laws while instructing the professionals to work daily by daily as disposable professionals for its purposes.

### VII. CHEVRON'S ALTER-EGO LIABILITY

20. Chevron declares that it operate the upstream business through its wholly owned subsidiary UECSL. It is

called the unity of interest as Chevron's agency. UECSL has no its own personality, and has no its own business policy and its own behavior rules, except share Chevron's policies and rules. UECSL is Chevron's Alter-Ego. It is shown in the project's every documents and minutes.

23. Chevron claims to respect human rights in a manner that is consistent with <u>Chevron's Business Conduct and Ethics Expectations for Suppliers and Contractors,</u> which is based upon its corporate <u>Human Rights policy</u> as well as corporate values embodied in <u>The Chevron Way</u>. But as a matter of fact, Chevron has been using numerous fake outsourcing contracts with the contractors to provide all kinds of professionals to operate its business.

20. When Plaintiff worked there, along with 500+ professional colleagues from Worley, mostly seconded to Worley from Worley's another outsourcing sub-contractor, Beijing Big-Lake Construction Engineering Co.Ltd. Plaintiff used Chevron's internal IT network system, one of Chevron's key assets with Chevron assigned ID account and email account, wearing Chevron's labour suits and safety harnesses and facilities, office and office appliances as well as Chevron's portable laptop with identity card. Plaintiff, on behalf of Chevron, to supervise the daily construction activities, and attend weekly meetings presided by Chevron's managers Jimmie Walker/Mikkel Hansen/Oliver Chris/Jim Chambers.

24. UECSL called himself as "Chevron" all the time, and as shown in all the project documents noted, and as everyone called, and as those only shows Chevron's Logo without any UECSL letters, as those words "One team, One goal" on the given T-shirts, labor suits, and as in the given two Certificates of Appreciations specifically for Plaintiff.

21. Chevron profits mightily from the use of these forced labor and has gained billions annually by means of abuse of local labor laws and international labor laws to avoid its liability. This lawsuit is brought by the Plaintiff for compensation and to bring a stop to this terrible Un-American and unconstitutional practice.

22. Plaintiff brings this action under the Trafficking Victim Protection Act, which allows victims of forced labor to file a civil action against whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which that person knew or should have known was engaged in forced labor. Plaintiff is a victim of forced labor. Defendants knowingly participated and benefited from Plaintiff's forced labor.

## VIII. CLAIMS FOR RELIEF

30. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31. Under 18 U.S.C. § 1595(a), "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator . . . and may recover damages and reasonable attorneys fees." it is certain presumably domestic for all the dozens of offenses of Chapter 77.

32. While under 18 U.S.C. § 1596(a), it is literally and clearly stated "extra-territorial" for the six of all the offenses of Chapter 77, including those forced labor under 18 U.S.C. § 1589(a).

33. Meanwhile, under 18 U.S.C. § 1589(a), it is a violation of the TVPRA to "knowingly provide[] or obtain[] the labor or services of a person by any one of, or by any combination of, the following means—

   (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;

   (2) by means of serious harm or threats of serious harm to that person or another person;

   (3) by means of the abuse or threatened abuse of law or legal process; or

   (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint[.]"

33. Here, Plaintiff, as one of the 500+ trafficked professionals, "is a victim of a violation of" this section, and Defendants are "perpetrators" of the violation, in that Defendants "knowingly provide[ed] or obtain[ed] the labor or services" of Plaintiff "by means of the abuse or threatened abuse of law or legal process", and/or "by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint[.]"

34. Additionally, under 18 U.S.C. § 1589(b), it is a violation of the TVPRA "to knowingly benefit[], financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means[.]"

35. Again, Plaintiff "is a victim of a violation of" this section, and Defendants are "perpetrators" of the violation, in that Defendants also "knowingly benefit[ted] . . . from participating in a venture which has engaged in the providing or obtaining of labor" in violation of 18 U.S.C. § 1589(a) while "knowing or in reckless disregard of" such violation.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court will enter an order:

39. Entering judgment in favor of Plaintiff on all counts of the Complaint;

40. Awarding Plaintiff monetary damages, subject to proof and in an amount to be determined at trial, including but not limited to unpaid wages, daily overtime wages, weekend overtime wages, and overtime wages on annual leave, corresponding to those paid by Chevron to Worley in terms of Plaintiff's price of position and completed time sheets, as well as Plaintiff's retirement pension damages and retirement health care pension damages;

41. Awarding Plaintiff consequential damages as a result of Defendants' illegal conduct;

42. Awarding Plaintiff damages for the mental anguish and pain and suffering they experienced as a result of being forced to labor by means of abuse of law;

43. Awarding Plaintiff punitive and exemplary damages;

44. Awarding Plaintiff any and all other damages allowed by law according to proof to be determined at time of trial in this matter;

45. Awarding Plaintiff's reasonable attorneys' fees and costs;

46. Awarding such other relief as the Court deems just and equitable.

## X. JURY DEMAND

47. Plaintiff respectfully demands a trial by jury of all issues for which he has a right to demand a trial by jury.

## XI. CLOSING

48. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to

harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

49. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted,

Date of signing: Nov 12, 2024
Signature of Plaintiff:
Printed Name of Plaintiff: ZHANG CUN GONG,

ZHANG CUN GONG,
301 Long Jiang Street
Zheng'An Sub-District
Kai Zhou District, 405416
Chong Qing, CHINA
Tel: +86-186-0103-8979
E-mail: 445737425@qq.com