UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUN GONG ZHANG,<br><br>    Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION, et al.,<br><br>    Defendants. | Case No. 24-cv-08641-JSC<br><br>**ORDER DISMISSING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 19 |

    The Court previously granted Plaintiff *in forma pauperis* status and screened his complaint pursuant to 28 U.S.C. § 1915(e)(2), determining his complaint against Chevron and its subsidiary, Unocal East China Sea Co. Ltd. ("UECSL"), failed to state a claim on which relief could be granted. (Dkt. No. 12.[1]) Plaintiff thereafter filed an Amended Complaint which the Court must again review under Section 1915(e)(2). (Dkt. No. 19.) Because the Amended Complaint still fails to state a claim on which relief can be granted, it is DISMISSED with leave to amend.

**AMENDED COMPLAINT ALLEGATIONS**

    Plaintiff alleges Chevron and UESCL violated the Trafficking Victims Protection and Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589, by forcing him to work for them between the years of 2011 and 2015. (Dkt. No. 19 ¶ 29.) Specifically, Beijing Maison Engineering and Technology Co. Ltd. ("Maison") trafficked Plaintiff to Worley and Worley assigned Plaintiff to UESCL to work on the Chevron Chuandongbei project ("Project"). (*Id.*) The contract between Worley and UECSL was a "fake service contract" and a "contract of human trafficking." (Dkt.

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

No. 19 ¶ 40.) Plaintiff worked on the Project for four years without getting paid by UECSL or Worley.[2] (Dkt. No. 19 ¶¶ 11, 31.) While working for UESCL, Plaintiff and other colleagues from Worley, "used Chevron's internal IT network system, one of Chevron's key assets with Chevron assigned ID account and email account." (Dkt. No. 19 ¶ 43.) UESCL referred to itself as Chevron and is Chevron's alter ego. (Dkt. No. 19 ¶¶ 41, 44.) Because of the unity of interest, Chevron and UESCL knowingly benefited from the trafficking and are liable under 18 U.S.C. § 1589(a)(3). (Dkt. No. 19 ¶¶ 44-46.)

**PROCEDURAL HISTORY**

Plaintiff's initial complaint was initially assigned to Magistrate Judge Cisneros who screened his complaint under 28 U.S.C. § 1915. (Dkt. No. 12.) Judge Cisneros granted Plaintiff *in forma pauperis* status and ordered him to file an Amended Complaint because his Original Complaint failed to state a claim on which relief could be granted. (*Id.* at 1.) The case was then reassigned to the undersigned judge and Plaintiff filed the now operative Amended Complaint, which pleads claims under Section 1589(a)(3) and 1589(b). (Dkt. No. 19.)

**LEGAL STANDARD**

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). To avoid dismissal, a complaint must contain more than "naked assertion[s],"

---

[2] Plaintiff previously pled he had "never been paid by Chevron or by Worley during the entire period." (Dkt. No. 1 ¶ 14.)

"labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Further, when a plaintiff files a complaint without representation by a lawyer, the Court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (cleaned up). "A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up).

## DISCUSSION

Section 1595(a) of the TVPRA authorizes any "individual who is a victim of a violation of" the Act to "bring a civil action seeking damages and reasonable attorneys fees from the perpetrator, as well as from others who benefitted in specified ways from the violation." *Martinez-Rodriguez v. Giles*, 31 F.4th 1139, 1149 (9th Cir. 2022) (internal quotations omitted). The TVPRA creates liability for:

> Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—
>
> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
>
> (2) by means of serious harm or threats of serious harm to that person or another person;
>
> (3) by means of the abuse or threatened abuse of law or legal process; or
>
> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

18 U.S.C. §§ 1589(a)(1)-(4).

> 18 U.S.C. § 1589(b) provides for beneficiary liability under TVPRA for:
>> Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, shall be punished as provided in

18 U.S.C. § 1589(b). To be liable for a violation under 1589(b), an entity must benefit from the behavior prohibited under Subsection 1589(a) and have knowledge or be in reckless disregard of it. 18 U.S.C. § 1589(b).

As the Court explained in screening Plaintiff's Original Complaint, Plaintiff failed to provide sufficient facts in support of his claim under any of the four subsections of 18 U.S.C. § 1589(a) or § 1589(b). (Dkt. No. 12 at 4-8.) Plaintiff's Amended Complaint fails to cure these pleading deficiencies.

A. **18 U.S.C. § 1589(a)(3)**

Plaintiff fails to provide sufficient factual allegations in support of his claim under 18 U.S.C. §1589(a)(3). 18 U.S.C. §1589(a)(3) criminalizes providing or obtaining labor or services from another "by means of the abuse or threatened abuse of law or legal process." 18 U.S.C. § 1589(a)(3). To prevail on a Section 1589(a)(3) claim, a plaintiff must show:

> (1) [Defendants] used a law or legal process in a manner or for a purpose for which it was not designed;
>
> (2) [Defendants] did so in order to exert pressure on the Plaintiff to cause him or her to provide labor; and
>
> (3) [Defendants] obtained the Plaintiff's labor "by means of" the pressure created by that abuse—i.e., that the resulting pressure caused the Plaintiff to provide the labor [Defendants]

4

*Martinez-Rodriguez v. Giles*, 31 F.4th 1139, 1150 (9th Cir. 2022).  Plaintiff alleges Defendants violated Section 1589(a)(3) through their "abuse of contract law with the fake service contract."

¶ 8.)  He claims his original employer, Maison, delivered him to Worley and, in so doing, abused China labor contract law because it did not sign an employment contract with Plaintiff.  (*Id.*)  The alleged violations of Chinese labor laws are insufficient to state a claim under 1589(a)(3).  Even if the factual allegations are presumed true, they do not support an inference that Defendants used or threatened to use the law for a different purpose than it was designed, pressured Plaintiff to work, or received work because of the pressure.  *See* 18 U.S.C. 1589(a)(3).  So, Plaintiff does not plausibly plead a Section 1589(a)(3) violation.

### B.  18 U.S.C. § 1589(b)

Plaintiff repeats his conclusory allegation that "Chevron recklessly disregarded the forced labor on its Chuandongbei gas project making [it] a 'perpetrator' of a violation of 18 U.S.C. § 1589(b)."  (Dkt. No. 19 ¶ 57.)  Elsewhere, Plaintiff alleges Chevron profited substantially and has "gained billions annually by means of abuse of the fake service contracts to avoid its employment liability" and "Defendants knowingly participated and benefitted from Plaintiff's forced labor," but Plaintiff does not allege any facts in support of these conclusory statements.  (Dkt. No. 19 ¶¶ 45-46.)  Plaintiff's conclusory allegations do not support a plausible claim for beneficiary liability under Section 1589(b).  *See Iqbal*, 556 U.S. at 678 (stating "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

### C.  Leave to Amend

5

Despite the deficiencies in Plaintiff's complaint, under Federal Rule of Civil Procedure 15

**CONCLUSION**

For the reasons discussed above, the Amended Complaint fails to sufficiently allege a TVPRA claim under either Section 1589(a)(3) or Section 1589(b) and is DISMISSED with leave to amend. Any amended complaint is due by July 11, 2025. If Plaintiff does not file an amended complaint by that date, judgment will be entered in Defendants' favor.

**IT IS SO ORDERED.**

Dated: June 20, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

8
9
10
11
12
13
14
15
16
17
18
19
20
21



22
23
24
25
26
27
28