UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUN GONG ZHANG,<br><br>  Plaintiff,<br><br>  v.<br><br>CHEVRON CORPORATION, et al.,<br><br>  Defendants. | Case No. 3:24-cv-08641-JSC<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 25 |

Plaintiff, who is representing himself, alleges Chevron and related entities violated the Trafficking Victims Protection and Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589, when he worked on the Chuandongbei Gas Project between the years of 2011 and 2015.  The Court has twice screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined his allegations failed to state a claim on which relief could be granted. (Dkt. Nos. 12, 23.[1])  Plaintiff has now filed a Second Amended Complaint which the Court again screens under Section 1915(e)(2) and dismisses for failure to state a claim. (Dkt. No. 25.)

**DISCUSSION**

The Second Amended Complaint reiterates Plaintiffs prior allegations that Chervon and its subsidiary Unocal East China Sea Co. Ltd. ("UECSL"), as well as associated entities, engaged in a variety of labor practices in violation of Chinese law whereby employees working on the Chuandongbei Gas Project would be hired by one employer and then passed to another employer without a new contract. (Dkt. No. 25 at ¶¶ 1-6.)  Plaintiff now brings a single claim for relief under

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

Section 1589(a)(3) of the TVPRA which authorizes a civil action seeking damages against: "[w]hoever knowingly provides or obtains the labor or services of a person by…by means of the abuse or threatened abuse of law or legal process." 18 U.S.C. § 1589(a)(3). Plaintiff alleges Defendants violated Section 1589(a)(3) through "abuse of China Contract Law and China Labor Contract Law to obtain the labor or services of the plaintiff and his colleagues." (Dkt. No. 25 at ¶ 20.)

Section 1589(c) defines the phrase "abuse or threatened abuse of law or legal process" to mean:

> the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

18 .S.C. § 1589(c)(1). Thus, a claim under Section 1589(a)(3) requires:

> (1) that [Defendants] used a law or legal process in a manner or for a purpose for which it was not designed;
>
> (2) that [Defendants] did so 'in order to exert pressure' on the Plaintiff to cause him or her to provide labor; and
>
> (3) that [Defendants] obtained the Plaintiff's labor 'by means of' the pressure created by that abuse—i.e., that the resulting pressure caused the Plaintiff to provide the labor [Defendants] obtained.

*Martinez-Rodriguez v. Giles*, 31 F.4th 1139, 1150 (9th Cir. 2022) (cleaned up).

The Court previously dismissed Plaintiff's Section 1589(a)(3) claim because his allegations that his original employer, Maison, delivered him to Worley and, in so doing, abused China labor contract law because it did not sign an employment contract with Plaintiff failed to state a claim under that section. (Dkt. No. 23 at 5.) Plaintiff's Second Amended Complaint still fails to state a claim as it remains predicated on his allegations that he was employed under a false services contract and "UECSL and WORLEY abused China Labor Contract Law which was not designed for the services contract of China Contract Law." (Dkt. No. 25 at ¶¶ 7-32.) While Plaintiff alleges violations of Chinese labor laws, these allegations are not sufficient to state a claim under Section 1589(a)(3) which requires use or threatened use of the law to pressure an individual to provide labor. That Plaintiff alleges Chinese judges and labor arbitrators would not

take action on his claims does not provide a basis for a claim under Section 1589(a)(3). (*Id*. at ¶¶ 28-29.)

## CONCLUSION

Accordingly, Plaintiff's Second Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim. As the Court has twice afforded Plaintiff leave to amend to cure the above-discussed deficiencies, and Plaintiff has been unable to do so, the Court concludes further leave to amend would be futile. *See Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d 981, 1007 (9th Cir. 2009) ("where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad.") (cleaned up). Plaintiff's complaint is dismissed without leave to amend.

The Court will enter separate judgment.

**IT IS SO ORDERED.**

Dated: September 15, 2025

JACQUELINE SCOTT CORLEY
United States District Judge